Citation Nr: 1725272 
Decision Date: 06/27/17 Archive Date: 07/18/17

DOCKET NO. 09-40 239 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a rating in excess of 20 percent for a right knee disability, claimed as osteochondritis dissecans with arthritis postoperative.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Mountford, Associate Counsel

INTRODUCTION

The Veteran had active military service from August 1969 to April 1973

This matter comes before the Board of Veterans' Appeals (Board) from the May 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Veteran appeared at a February 2016 hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the record. This matter was previously before the Board in March 2016 and was decided on the merits. The Veteran appealed that decision to the Court of Appeals for Veterans Claims (Court). In a April 2017 joint motion for partial vacatur and remand, the Court vacated the Board's March 2016 decision that denied entitlement to a rating in excess of 20 percent for the Veteran's right knee disability. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND
Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. See 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2016). 

The Veteran's right knee disability is currently rated as 20 percent disabling under Diagnostic Code 5260, which considers limitation of flexion of the leg. 

A VA examination occurred in October 2015. The report for that examination includes range of motion measurements for the Veteran's knee, to include descriptions of the effect of pain on the Veteran's functioning and whether the Veteran has additional functional loss following repetitive use of his knees. The examination reflects that the Veteran does not experience pain with weight bearing in his right knee. 

However, the examination does not specify whether the range of motion measurements were taken on active motion, passive motion, weight bearing, and/or non-weight bearing. In addition, the examiner did not indicate that he was unable to perform range of motion testing on active, passive, weight bearing, or non-weight bearing or that such testing was not necessary. Therefore, the examination report does not make clear the extent to which pain affects the Veteran's passive, active, weight bearing, and non-weight bearing motion. In that regard, the Board observes that a new precedential opinion that directly impacts this case was issued by the Court of Appeals for Veterans Claims (Court). 

In Correia v. McDonald, 28 Vet. App. 158 (2016), the Court held that the final sentence of 38 C.F.R. § 4.59 (2016) creates a requirement that certain range of motion testing be conducted whenever possible in cases of joint disabilities. The final sentence of that section provides, in relevant part, that "[t]he joints involved should be tested for pain on both active and passive motion, in weight bearing and non-weight bearing . . . ." The Court found that, to be adequate, a VA examination of the joints must, wherever possible, include the results of the range of motion testing described in the final sentence of § 4.59. Here, the October 2015 VA examination report does not comply with Correia because it does not include range of motion testing on active, passive, weight bearing, and non-weight bearing or a statement to the effect that such testing was not possible or unnecessary in this case, such that the effects of pain on the Veteran's functioning may adequately be assessed under the provisions of 38 C.F.R. § 4.59. Accordingly, the Veteran must be afforded a new VA knee examination that complies with Correia and includes all necessary information in view of 38 C.F.R. § 4.59.

Since the claims file is being remanded, it should be updated to include any outstanding VA treatment records. See 38 C.F.R. § 3.159(c)(2); see also Bell v. Derwinski, 2 Vet. App. 611 (1992). 


Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding VA treatment records and associate those documents with the Veteran's claims file.

2. One the above development has been completed, schedule the Veteran for a VA knee examination to determine the current nature and severity of his service connected right knee disability. The examination should include all studies, tests, and evaluations deemed necessary by the examiner. The examiner should report all manifestations related to the service connected disability. The record and a copy of this Remand must be made available to and reviewed by the examiner. The examiner must address the following:

a) Pursuant to Correia, the examination should record the results of range of motion testing for pain on both active and passive motion and in weight bearing and non-weight bearing for BOTH knees. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. The examination results should be recorded using VA Form 21-0960M-9, May 2013, Knee and Lower Leg Conditions Disability Benefits Questionnaire (DBQ), or a more recent revision of that DBQ, if possible.

In recording the ranges of motion for the Veteran's knees, the examiner should note whether, upon repetitive motion, there is any pain, weakened movement, excess fatigability, or incoordination of movement, and whether there is likely to be additional functional loss due to pain on use, weakened movement, excess fatigability, or incoordination over time. The examiner should also indicate whether the Veteran experiences additional functional loss during flare-ups of the service connected right knee disability. If there is no pain, no limitation of motion, and/or no limitation of function, such facts must be noted in the report.

b) The examiner should also express an opinion concerning whether there would be additional functional impairment on repeated use or during flare-ups. The examiner should assess the additional functional impairment on repeated use or during flare-ups in terms of the degree of additional range of motion loss. If this is not feasible to determine without resort to speculation, the examiner must provide an explanation for why this is so.

The examiner must note that the record was reviewed. The examiner must provide a complete rationale for any opinion expressed.

3. After completion of the above, review the expanded record, including the evidence entered since the most recent supplemental statement of the case, and determine whether the benefits sought may be granted. If any benefit sought remains denied, furnish the Veteran and his representative with a supplemental statement of the case. A reasonable period should be allowed for response before the appeal is returned to the Board.

By this remand, the Board intimates no opinion as to any final outcome warranted. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).